[No. 38030. Department Two. September 16, 1965.]

LILYON B. TONKOFF, *Respondent*, v. J. P. TONKOFF, *Appellant*.\*

*J. P. Tonkoff, pro se.*

*Alan A. McDonald* (of *Halvorson, Applegate, McDonald & Weeks*) and *George Clark,* for respondent.

PER CURIAM.—The parties were divorced by a decree entered on March 30, 1963, by the Honorable James Mifflin, who sat as a visiting judge in Yakima County. The decree awarded a divorce to both parties. It provided that the plaintiff was to receive the cash sum of $10,000. The rest of the property was awarded to the defendant, who had claimed that it was his separate property and had valued it at approximately $500,000. He was required to pay alimony of $500 per month for a period of 5 years or until the earlier death or remarriage of the plaintiff and the sum of $250 per month for the support of his minor son, an atypical child, whose custody was awarded to the plaintiff.

The decree of divorce and the findings of fact made no reference to the income tax liability of the parties, which the defendant had stated during the trial was pending in the approximate sum of $25,000. After the time for filing a motion for a new trial had passed, the plaintiff was threatened with an attempt to collect this obligation from her. She appealed to this court from the divorce decree, and the defendant cross-appealed.

Thereafter, on motion of the plaintiff, this court granted her leave to apply to the Yakima County Superior Court for a hearing for the limited purpose of determining whether the trial court and the plaintiff's counsel had been justifiably misled by the defendant and had consequently omitted any reference to the income tax liability in the findings and decree. Such a hearing was held before the Honorable Joseph H. Johnston, superior court judge, who determined from all the evidence and from the language of the divorce decree ("with respect to support and alimony and other payments herein provided, that same shall be made to the Clerk of the above-entitled Court for transmittal to the plaintiff, without any reduction in the amount thereof for any purpose unless such reduction shall first have been approved by the order of the Court") that the court and counsel had been led by the defendant to believe that he considered the income tax liability his obligation and would pay it, and that this explained the omission of any reference to the matter in the findings and decree. An order modifying the decree was entered. It provided for payment of the obligation by the defendant.

\*Reported in 405 P.2d 728.

This court, at the same time that it granted leave to the plaintiff to apply to the superior court for a hearing on the income tax question, also granted leave to the defendant to petition the superior court for a modification of the decree as it pertained to custody and care of the minor child of the parties. Such a petition was filed and this matter was also heard before Judge Johnston, who listened to the evidence and determined that the welfare of the child would best be served by awarding his custody to the plaintiff. He also determined that a provision in the earlier decree which would have placed the child in the joint custody of his parents in the event it should be determined that he needed institutional care, should be eliminated.

The defendant has appealed, assigning error to the findings of fact and the failure to enter proposed findings. It would serve no useful purpose to set forth these contentions in detail. The evidence was in conflict. There is substantial evidence to support the findings made, and the evidence does not preponderate in favor of the findings proposed by the defendant. The original decree and the order modifying it conform to the findings. They do not deal harshly with the defendant.

The defendant contends at great length that Judge Mifflin was prejudiced against him. The proceedings were acrimonious. The trial judge properly suggested the possibility of a settlement. The efforts of a peacemaker often incur the enmity of the parties. That is apparently the result such efforts achieved in this case. The trial judge did, on more than one occasion, use unjudicial language. This we do not condone, but perhaps he was incited by the hostile atmosphere of the hearing. If prejudice existed, it is not reflected in the findings and decree, which were concurred in by Judge Johnston and appear fair and just to this court.

Objection is also made to the allowance of attorney's fees and costs to the plaintiff for her appeal from the first decree, the defendant contending that the appeal was not taken in good faith. We do not find this contention supported in the record.

The judgment is affirmed.

October 15, 1965. Petition for rehearing denied.